IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LAKE TOWN TOWING, J&K 24 HOUR DIESEL SERVICE, JOE FLYNN, and SAM PROBERT,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br><br>Case No. 2:23-cv-00818-JNP-CMR<br><br>District Judge Jill N. Parrish |

In this action, Plaintiffs—individuals and companies in the towing business—have raised various federal and state claims arising out of a dispute with a towing dispatch center operated by the Millard County Sheriff's Office. In short, Plaintiffs allege that although they are listed on the dispatch center's towing rotation, Defendants have not provided them towing referrals on an equal basis with their competitors. Defendants comprise both state-level and county-level actors. Before the court now is State Defendants' motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Millard County Defendants' motion for judgment on the pleadings under Rule 12(c). Plaintiffs' federal claims are subject to the court's original federal-question jurisdiction, and their state claims are subject to the court's supplemental jurisdiction.

For Plaintiffs' federal claims under the Takings Clause and the Due Process Clauses to succeed, Plaintiffs must identify a federally protected property interest in the County towing-rotation system. Plaintiffs have not done so. Accordingly, the court GRANTS the motions as to these claims and the claims of failure to train and supervise stemming from the purported due-

process violations. Then remains a federal claim under the Equal Protection Clause and various state claims. Although Defendants' motions seek dismissal of (or judgment on) the entirety of Plaintiffs' complaint, they do not address the equal-protection claim. If this claim should fail along with the other federal claims, the court would decline to exercise supplemental jurisdiction over the state claims. The court therefore DENIES without prejudice the motions as to the equal-protection claim and the state claims. Defendants may file a memorandum adequately briefing their motion to dismiss (or a memorandum adequately briefing their motion for judgment on the pleadings) on the equal-protection claim. If they wish to do so, they are ORDERED to file these memoranda no later than October 25, 2024.

## BACKGROUND

In recounting the background of the case at this stage, the court takes the plaintiff's well-pleaded facts as true, drawing all inferences in the plaintiff's favor, but disregards legal conclusions couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Utah has nearly 1,000 miles of interstate highways, which are 1,000 miles on which accidents can (and do regularly) happen. Some accidents obstruct traffic and endanger life, making it important that these wrecks be promptly and safely removed. After a wreck occurs, Utah Highway Patrol troopers contact the tow-truck dispatch center for that area to request a tow truck. UTAH CODE ANN. § 41-6a-1406(10); UTAH ADMIN. CODE r. 714-600-4(1). To ensure that tow trucks are quickly dispatched to remove wrecks, Utah law provides for dispatch centers to use rotation systems for contacting tow-truck companies. UTAH ADMIN. CODE r. 714-600-5(1). Tow-truck companies must pass an expensive, rigorous qualification process to participate in the dispatch centers' towing rotations.

Some dispatch centers are operated by the Patrol. Others, particularly in rural areas, are operated by county sheriffs' offices. Dispatch centers operated by the Patrol must contact tow-truck companies on the rotation list in the order in which they appear to ensure that the lucrative rotation jobs are offered equally to all participating companies. UTAH ADMIN. CODE r. 714-600-6(1)–(3). Dispatch centers not operated by the Patrol are not subject to these requirements. *See id.* r. 71-600-4(3) ("*If the dispatch center is operated or maintained by [the Patrol]*, the dispatch center shall determine which tow truck motor carrier to contact according to . . . this rule." (emphasis added)).

Plaintiffs are two tow-truck companies (and their owners) primarily serving Millard County, Utah. ECF 33 ("Complaint"), at 6. For at least 15 years, they have qualified for and participated in the rotation program of the county dispatch center, which is operated by the Millard County Sheriff's Office. *Id.* at 6, 9.

Plaintiffs allege that from 2017 to 2023, Patrol troopers were in cahoots with the Millard County Sheriff's Office to bypass the rotation list and refer towing jobs preferentially to Plaintiffs' competitor, Dearden. *Id.* at 11–12. For example, Patrol troopers allegedly encouraged motorists to contact Dearden directly, and the Sheriff's Office allegedly referred far more assignments to Dearden than to Plaintiffs. *Id.* at 12–14.

To remedy these purported violations, Plaintiffs sued two sets of defendants in state court. The first set consists of the State of Utah; the Director of the Utah Department of Public Safety (Jess Anderson); and four Patrol troopers (Greg Kelsey, Jeff Rowell, Trevor Atkins, and Jared Higgs) (collectively, "State Defendants"). The second consists of Millard County, acting through the Millard County Sheriff's Office; and the Millard County Sheriff (Richard Jacobsen) (collectively, "Millard County Defendants"). Plaintiffs claim violations of the towing rotation and

3

breach of implied contract (first claim); failure to train and supervise stemming from federal due-process violations (second claim); violations of Utah's state constitution (third claim); and violations of the Takings Clause and Due Process Clause of the Fifth Amendment to the U.S. Constitution and Due Process Clause and Equal Protection Clause of the Fourteenth Amendment (fourth claim). Complaint at 6–7, 18–26. Plaintiffs seek compensatory and punitive damages arising from these alleged violations. (They invoke § 1983 to seek damages for the alleged violations of federal law.)

State Defendants removed the case to federal court under 28 U.S.C. § 1441 and moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. They argue (among other theories) that Plaintiffs have not shown a constitutionally protected property interest in towing fees under the rotation, that State Defendants in their official capacities are not suable entities under § 1983, and that State Defendants enjoy qualified immunity in their personal capacities. Millard County Defendants make similar arguments in their motion for judgment on the pleadings under Rule 12(c).

## DISCUSSION

In evaluating a motion to dismiss under Rule 12(b)(6), the court's role "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). A motion for judgment on the pleadings under Rule 12(c) is functionally equivalent to a motion to dismiss and is therefore evaluated under the same standard. *Estate of Stevens ex rel. Collins v. Bd. of Comm'rs*, 53 F. Supp. 3d 1368, 1372 (D.N.M. 2014).

This court has federal-question jurisdiction over Plaintiffs' federal claims and supplemental jurisdiction over their state claims. 28 U.S.C. §§ 1331, 1367(a). The court begins by assessing Plaintiffs' federal claims—in particular, their Takings Clause and Due Process Clause claims. The Takings Clause provides that "private property [shall not] be taken for public use, without just compensation." U.S. CONST. amend. V. Since "[t]he Takings Clause does not itself define property," the court must "draw[] on existing rules or understandings about property rights," of which "[s]tate law is [an] important source." *Tyler v. Hennepin County*, 598 U.S. 631, 638 (2023) (internal quotation marks omitted).

The Due Process Clause of the Fourteenth Amendment provides that "[no] State [shall] deprive any person of life, liberty, or property, without due process of law."[1] U.S. CONST. amend. XIV. Just as with the Takings Clause, "[t]o state a claim for a violation of due process, [the] plaintiff must first establish that it has a protected property interest." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1216 (10th Cir. 2003). As such, Plaintiffs' federal Takings Clause and Due Process Clause claims both depend on Plaintiffs' claim that they have a property interest in rotation towing referrals under state law. The court therefore begins by analyzing whether Plaintiffs have identified a federally protected property interest in towing referrals and their concomitant fees.

---

[1] The Due Process Clause of the Fifth Amendment, which Plaintiffs also invoke in their complaint, has no application to state or local governments or their officials. *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013). Accordingly, Plaintiffs have failed to state a Fifth Amendment due-process claim against Defendants—all of which are state and local actors—and the court considers only the Due Process Clause of the Fourteenth Amendment.

## I.       Protected Property Interest

As noted above, the Takings Clause and Due Process Clause safeguard a person's preexisting property interests, which can arise from "state statutes, regulations, city ordinances, and express or implied contracts." *Veile v. Martinson*, 258 F.3d 1180, 1185 (10th Cir. 2001) (quoting *Dill v. City of Edmond*, 155 F.3d 1193, 1206 (10th Cir. 1998)) (cleaned up). A person has a preexisting property interest in a benefit under state law if he has "a legitimate claim of entitlement to it." *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Tow-truck rotation policies can support a legitimate claim of entitlement to towing referrals and towing fees by a participating tow-truck company when the statute or regulation establishing the rotation policy mandates that the government make referrals on an equal basis. *Id.* at 1232.

Here, Plaintiffs rely on Utah's public-safety regulations as the source for their purported property interest in towing referrals. They observe that under the regulations, "[a] dispatch center *shall* determine which tow truck motor carrier to contact according to . . . this [rotation policy]" and that the rotation policy requires the dispatch center to make referrals on an equal basis. UTAH ADMIN. CODE r. 714-600-4(3), -5 (emphasis added).

State Defendants note that the rotation-policy provisions on which Plaintiffs rely apply only "[i]f the dispatch center is operated or maintained *by the department*." *Id.* r. 714-600-4(3) (emphasis added). So, State Defendants argue, the equal-referral policy does not apply to the dispatch center here because this dispatch center is operated by the Millard County Sheriff's Office.

The court agrees. In context, "department" refers to the Utah Department of Public Safety, of which the Utah Highway Patrol is one division. *See* UTAH DEP'T OF PUB. SAFETY,

https://dps.utah.gov/divisions. So, the towing-rotation policy requiring equal referrals binds only those dispatch centers that the Patrol operates; dispatch centers operated by other entities, like local sheriff's offices, are not subject to this requirement.[2] Plaintiffs do not point to any regulation that similarly requires locally operated dispatch centers to make referrals on an equal basis. Therefore, notwithstanding the mandatory language of the regulations, Plaintiffs do not have a preexisting property interest in towing referrals under state law. Because Plaintiffs do not have a preexisting property interest in towing referrals, they have failed to state a claim under the Takings Clause or Due Process Clause. And because they have failed to state a claim under the Due Process Clause, they have also failed to state a claim for failure to train and supervise stemming from the purported due-process violations.

## II.      Suable "Persons," Qualified Immunity, and Municipal Liability

Even assuming that Plaintiffs have a preexisting property interest in the towing referrals, their claims run headlong into three other obstacles. To begin, State Defendants in their official capacities are not suable entities under § 1983. Section 1983 provides a federal remedy against "*person[s]*" who deprive plaintiffs of federal rights while acting "under color of [state law]." 42 U.S.C. § 1983 (emphasis added). But as Plaintiffs concede, "person" within this statute excludes "a State [and] its officials acting in their official capacities." *Will v. Mich. Dep't of State Police*,

---

[2] Plaintiffs attempt to circumvent this issue by alleging that the Millard County Sheriff's Office "is the *de facto* arm of the State and the [Utah Highway Patrol] Dispatch for Millard County." Complaint at 9. Their strategy fails for two reasons. First, this factual allegation is in substance a legal conclusion, which the court need not accept as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, if the Sheriff's Office were a state actor for the purposes of the towing rotation, then Plaintiffs could not sue it under § 1983 because States and state entities are not subject to suit under that statute. *See infra* Part II.

491 U.S. 58, 71 (1989). Section 1983 therefore provides no cause of action against State Defendants in their official capacities.

Next, all Defendants in their personal capacities (except the State of Utah and Millard County, which of course do not have personal capacities) enjoy qualified immunity from suit. Qualified immunity "shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Estate of Smart by Smart v. City of Wichita*, 951 F.3d 1161, 1168 (10th Cir. 2020) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). This doctrine "creates a presumption that the defendant is immune from suit." *Id.* (internal quotation marks and alterations omitted). A plaintiff can overcome this presumption by showing (1) that "the officers' alleged conduct violated a constitutional right" and (2) that the right "was clearly established at the time of the violation[] such that every reasonable official would have understood[] that such conduct constituted a violation of that right." *Id.* (internal quotation marks omitted).

Here, even if Plaintiffs could show a violation of their federal constitutional rights, they could not show that the rights were clearly established. A right is clearly established if "the violative nature of [the officer's] *particular* conduct is clearly established." *Mullenix*, 577 U.S. at 12 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). No reasonable official would have clearly understood that failing to make towing referrals to Plaintiffs equally with their competitors violated Plaintiffs' constitutional rights. Plaintiffs have not pointed to, and the court has not found, any binding or persuasive authority interpreting the regulations to provide a property interest in

8

towing referrals by a locally operated dispatch center.[3] *See id.* ("We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." (quoting *al-Kidd*, 563 U.S. at 741)). Therefore, Plaintiffs have failed to overcome the qualified immunity protecting Defendants in their personal capacities.

That leaves the claims against Millard County and Sheriff Jacobsen in his official capacity. A § 1983 suit against a local official in his official capacity "is essentially another way of pleading an action against the county or municipality [he] represent[s]." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). So, the claims against Jacobsen in his official capacity merge with the claims against the County.[4] A county or other municipality can be held liable under § 1983 only "when execution of [its] *policy or custom* . . . inflicts the injury." *Waller v. City and County of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (emphasis added). That is, a municipality cannot be held liable under § 1983 "for an injury inflicted solely by its employees or agents" (a theory of *respondeat superior*). *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A

---

[3] *Brett's Towing, Inc. v. Mitchell*, No. 1:05CV48, 2006 WL 722231 (D. Utah Mar. 17, 2006), appears to be the only authority interpreting Utah's towing-referral regulations. That case, interpreting an older version of the regulations, concluded that the plaintiffs did not have a protected property interest in towing referrals because the regulatory provisions at issue used discretionary rather than mandatory language. *See id.* at *3–4. Those provisions have since been amended to use mandatory language. *See* UTAH ADMIN. CODE r. 714-600-4(3), -6. However, as explained above, the mandatory language binds only those dispatch centers operated by the Utah Highway Patrol, not those operated by local sheriff's offices.

[4] Millard County Defendants argue that Plaintiffs have in substance brought their claims against the Sheriff's Office, not the County. They further argue that the Sheriff's Office is not subject to suit and urge the court to dismiss these claims on that basis. Millard County Defendants are correct that under Utah law, sheriff's departments "are not . . . considered legal entities subject to suit." *McKell v. Utah*, No. 2:10-CV-1011, 2011 WL 1434583, at *2 (D. Utah Apr. 14, 2011). However, rather than dismissing the claims on this basis, the court instead "construes Plaintiff[s'] claim[s] against the Sheriff's Office as . . . claim[s] against [Millard] County itself." *Tyler v. Utah*, No. 2:07-CV-4, 2008 WL 5390993, at *4 (D. Utah Dec. 23, 2008).

plaintiff may demonstrate a municipal policy or custom by pointing to, among other things, a formal regulation, a formal policy statement, or an informal custom amounting to a widespread practice so well established that it practically constitutes a custom with the force of law. *Id.*

Here, Plaintiffs do not allege that a policy or custom of Millard County injured them. Rather, they allege that the County violated their rights through the favoritism of Sheriff Jacobsen. *See, e.g.*, Complaint at 12 ("MCSO, under Sheriff Jacobsen, repeatedly cooperated in th[e] favoritism [of biased Patrol troopers]."). Thus, Plaintiffs seek to hold the County liable on a theory of *respondeat superior*, which § 1983 does not allow. Plaintiffs' claims against Millard County and Jacobsen in his official capacity accordingly fail.

## III.    Equal Protection Claim and Supplemental Jurisdiction

Since Plaintiffs' Takings Clause and Due Process Clause claims fail, only the Equal Protection Clause claim remains as a basis for federal-question jurisdiction. Although Defendants move for dismissal of the complaint in its entirety, the Equal Protection Clause claim receives almost no attention in the parties' briefing. If this claim, too, should fail, the court would decline to exercise its supplemental jurisdiction to address the complex issues that the state claims present. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . , the state claims should be dismissed as well."); *Bd. of Cnty. Comm'rs v. Geringer*, 297 F.3d 1108, 1115 n.6 (10th Cir. 2002) ("[D]istrict courts should dismiss state claims without prejudice after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial . . . .").

To promote the most efficient resolution of this action, the court denies without prejudice State Defendants' conclusory motion to dismiss the equal-protection claim and their motion to dismiss the state claims, and the court similarly denies without prejudice Millard County

Defendants' motion for judgment on the pleadings as to those claims. If State Defendants wish to adequately brief their motion to dismiss the equal-protection claim, they are free to do so in a separate memorandum. Similarly, if Millard County Defendants wish to adequately brief their motion for judgment on the pleadings as to the equal-protection claim, they may do so in a separate memorandum.

## CONCLUSION AND ORDER

For the reasons above, the court **GRANTS** State Defendants' motion to dismiss the claims under the Takings Clause and both Due Process Clauses, and **GRANTS** Millard County Defendants' motion for judgment on the pleadings as to those claims. The court **DENIES** without prejudice State Defendants' motion to dismiss the Equal Protection Clause and state claims, and **DENIES** without prejudice Millard County Defendants' motion for judgment on the pleadings as to those claims. If Defendants wish to adequately brief their motions to dismiss or grant judgment on the pleadings as to the Equal Protection Clause claim, they are **ORDERED** to file supplemental memoranda no later than October 25, 2024.

DATED September 27, 2024.

BY THE COURT

Jill N. Parrish
United States District Court Judge