IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAKE TOWN TOWING, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH, *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [41] MOTION TO STRIKE AND GRANTING [47] MOTION FOR LEAVE TO FILE AMENDED ANSWER**<br><br>Case No. 2:23-cv-00818-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) (ECF 9). Before the court are two Motions: Plaintiffs Lake Town Towing, J&K 24 Hour Diesel Service, Joe Flynn, and Sam Probert's (collectively, Plaintiffs) Motion to Strike (Motion to Strike) (ECF 41) regarding Defendant Millard County's (Defendant) Answer to Amended Complaint; and Defendant's Motion for Leave to Amend Answer (Motion to Amend) (ECF 47) (collectively, the Motions). The court also considers each of the Motions' respective Oppositions (ECF 46; ECF 55) and Reply Memoranda (ECF 52; ECF 56). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides these matters on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motion to Strike and GRANTS the Motion to Amend.

I. BACKGROUND

Plaintiffs initiated this matter on October 30, 2023, by filing a Complaint in Utah's Third Judicial District Court (ECF 29 at 2). On November 8, 2023, a notice of removal was filed, and

1

the matter was assigned to this court (ECF 2). Upon realizing that an exhibit had been "inadvertently left off the first filing of the Complaint," Plaintiffs filed a Stipulated Motion for Leave to Amend the Complaint (ECF 29 at 1). In their stipulated motion, Plaintiffs indicated that because the Amended Complaint did not add any claims or make changes "other than to attach Exhibit 2, no answer to the Amended Complaint is necessary" (*id.* at 3). Thereafter, the court granted Plaintiffs' stipulated motion to amend (ECF 32), and the Amended Complaint was filed on March 5, 2024 (ECF 33).

On March 11, 2024, less than a week after the Amended Complaint was filed, Defendant filed an Answer to Amended Complaint (ECF 37). Defendant's Answer to Amended Complaint did not add any counterclaims, but there were several changes to Defendant's responses to Plaintiffs' allegations, and Defendant added new affirmative defenses (*see* ECF 47-2 at 2–14).

In response, Plaintiffs filed their Motion to Strike, arguing that Defendant's answer to the Amended Complaint constituted an amended answer and, as such, Defendant was required to "request leave from the court under Rule 15(a)" of the Federal Rules of Civil Procedure (ECF 41 at 2). Essentially, Plaintiffs contend that because the Amended Complaint made no changes to the original Complaint other than to include an exhibit, and because the parties stipulated that "no answer to the Amended Complaint is necessary," Defendant was barred from filing a second Answer without permission from the court (*id.* at 6–7).

Plaintiffs' Motion to Strike then prompted Defendant to file its Motion to Amend (ECF 47). In the Motion to Amend, Defendant indicated that it did not believe a motion requesting leave to file an amended answer was necessary—given that its newly asserted answer was filed within the allotted time period by Federal Rule of Civil Procedure 15(a)(3)—but it felt obligated to do so given the arguments raised in the Motion to Strike (*id.* at 2–3). Defendant conceded that its Answer

2

to Amended Complaint changed "two admissions to denials for lack of sufficient knowledge" and added "five affirmative defenses" (*id.* at 4–5). But Defendant pointed out that it did not seek to add any counterclaims, and there is nothing to suggest it was acting with undue delay, bad faith, or other dilatory motive (*id.* at 4). The two admissions from the original answer that Defendant altered with its Answer to Amended Complaint concern Paragraphs 108 and 109, which state:

> **108.** [Defendant], under delegation by the State, qualified, approved and accepted both Lake Town and J&K to participate in the Rotation.
> **109.** By agreeing to qualify, approve and accept Lake Town and J&K to participate in the Rotation, [Defendant], on behalf of the State, intended for both companies to be given towing referrals.

(ECF 33 at 19). Defendant contends that its amendments as to these two paragraphs were prompted by the exhibit which Plaintiffs added to their Amended Complaint (ECF 46 at 4). According to Defendant, the newly added exhibit "showed Plaintiffs' certifications by the Utah Department of Transportation which inferred that [Defendant] was less involved" in the approval and certification processes that form the basis of Plaintiffs' allegations (*id.*). For that reason, Defendant thought it appropriate to change its answers to Paragraphs 108 and 109 and to add the additional affirmative defenses (*id.*).[1]

After the parties filed their respective Motions, certain developments in the litigation have occurred which bear on the matters at hand. In particular, the district court ruled on Defendant's Motion for Judgment on the Pleadings (ECF 59). In its memorandum decision, the court found it appropriate to dismiss Plaintiffs' claims "under the Takings Clause and both Due Process Clauses" (ECF 74 at 11). As for Plaintiffs' claims under 42 U.S.C. § 1983, the court noted that a "county or

---

[1] In Plaintiffs' opposition to the Motion to Amend, they indicate that they do not oppose the five new affirmative defenses and other minor alterations to Defendant's Answer to Amended Complaint (ECF 55 at 2). The court therefore focuses its analysis on the alterations that Plaintiffs do oppose, which is apparently limited to Defendant's answers to Paragraphs 108 and 109 of the Amended Complaint (*id.* at 1).

3

other municipality," such as Defendant, "can be held liable under § 1983 only 'when execution of [its] policy or custom . . . inflicts the injury'" (*id.* at 9) (quoting *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019)). And because Plaintiffs sought to hold Defendant liable on a theory of *respondeat superior*, which § 1983 does not allow, the court held that those claims against Defendant fail (*id.* at 10).

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court can enter such an order *sua sponte* or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* "Motions to strike are generally disfavored and considered a drastic remedy." *Gillespie v. Mut. of Enumclaw Ins. Co.*, No. 2:23-cv-108 HCN, 2023 WL 2665724, at *1 (D. Utah Mar. 28, 2023). Such motions are therefore typically not granted "unless the questionable material is prejudicial to the moving party." *Id.* (quoting *Tiscareno v. Frasier*, No. 2:07-cv-336, 2012 WL 1377886, at *13 (D. Utah Apr. 19, 2012)).

When it comes to filing amended and supplemental pleadings, Rule 15(a)(3) of the Federal Rules of Civil Procedure indicates that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). If a party seeks to amend its pleadings outside the normal course of the proceedings, it may only do so "with the opposing party's written consent or the court's leave." *Id.* R. 15(a)(2). Courts are further instructed to "freely give leave when justice so requires." *Id.* Thus, leave to amend the pleadings in accordance with Rule 15(a) lies within the sound discretion of the trial

court. *McQueen v. Aramark Corp.*, No. 2:15-cv-492-DAK, 2016 WL 3079712, at *1 (D. Utah May 31, 2016). Still, "a court may properly deny leave for various reasons, including undue delay or futility of amendment." *Id.* (quoting *Bauer v. City & Cnty. of Denver*, 642 F. App'x 920, 925 (10th Cir. 2016)).

### III. DISCUSSION

The Motions presently before the court are inextricably intertwined. If the court were to grant the Motion to Strike it would, in effect, be denying the Motion to Amend, and vice versa. The court therefore considers the Motions together.

First, the court notes that while Plaintiffs argue that Defendant made substantive changes to its answer, nowhere in the Motion to Strike do Plaintiffs argue that they were prejudiced by these alterations (*see generally* ECF 41). Plaintiffs did however argue, in their opposition to the Motion to Amend, that they were prejudiced by Defendant's alterations regarding Paragraphs 108 and 109 (ECF 55 at 1). Upon review of the developments in this litigation, it appears Plaintiffs' argument regarding prejudice has a lot less force, given the fact that the court has dismissed a majority of their claims (ECF 74 at 11). Furthermore, Defendant points out that it filed its Answer to Amended Complaint before the parties exchanged initial disclosures and no discovery had taken place (ECF 47 at 2). Given the timing of Defendant's Answer to Amended Complaint, the court is persuaded that Plaintiffs still had adequate time to make any necessary adjustments, and it did not present Plaintiffs with undue difficulty in prosecuting their claims. The court is therefore not persuaded that Plaintiffs have suffered any prejudice as would justify striking Defendant's pleading.

Turning to other arguments in Plaintiffs' Motion to Strike, it appears that Plaintiffs' primary contention is that the parties agreed that an answer to the Amended Complaint was not

5

necessary, thus Rule 15(a)(3) (allowing a party to file an answer within fourteen days of the complaint being filed without leave of the court) does not apply (ECF 41 at 6–10). In Plaintiffs' view, Rule 15(a)(2) should be applied to this situation, which required Defendant to request permission before filing its Answer to Amended Complaint (*id.*). Even if the court agreed with Plaintiff—that Defendant was bound by the parties' stipulation to request leave before filing an answer—the court finds that Defendant has cured any perceived deficiency with its newly asserted answer by filing the Motion to Amend (ECF 46 at 5). The apparent misunderstanding between the parties about the applicable rule that applies to this situation is understandable, and the court does not find that it warrants such a "drastic remedy" as striking the pleading. *See Gillespie*, 2023 WL 2665724, at *1.

Furthermore, the applicable standards favor granting the Motion to Amend and denying the Motion to Strike. Beginning with the Motion to Strike, the relevant rule allows the court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiffs have not established that the Answer to Amended Complaint contains an insufficient defense, nor have they demonstrated that it contains redundant, immaterial, impertinent, or scandalous matters. Moreover, a motion to strike is typically not granted "unless the questionable material is prejudicial to the moving party." *Gillespie*, 2023 WL 2665724, at *1 (quoting *Tiscareno*, 2012 WL 1377886, at *13). As previously stated, Defendant's answer came at the early stages of this litigation, and any prejudice suffered by Plaintiffs is minimal. Moreover, if Plaintiffs did experience any such prejudice, it is further mitigated by the fact that several of Plaintiffs' claims have already been dismissed (*see* ECF 74). The court therefore finds that Plaintiffs have not established that the circumstances warrant striking Defendant's Answer to Amended Complaint.

As for the Motion to Amend, the relevant rule indicates that courts are to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). There are however various reasons to deny a request to amend, "including undue delay or futility of amendment." *McQueen*, 2016 WL 3079712, at *1 (quoting *Bauer*, 642 F. App'x at 925). On this point, the court notes that Defendant filed its Answer to Amended Complaint less than a week after the Amended Complaint was filed (ECF 37). The court therefore does not find that the request to amend was unduly delayed. What's more, nothing in Plaintiffs' response to the Motion to Amend, or in their Motion to Strike, indicates that Defendant's amendment is futile (*see generally* ECF 41 & ECF 55). Upon considering the fact that courts are to freely give leave to amend where "justice so requires," R. 15(a)(2), and the relevant circumstances of this case, the court determines that Defendant has adequately established that leave to file their Answer to Amended Complaint is justified. The court therefore determines that the Motion to Amend should be granted.

## IV. ORDER

Based on the foregoing, Plaintiffs' Motion to Strike (ECF 41) is DENIED, and Defendant's Motion to Amend (ECF 47) is GRANTED. The parties are hereby ORDERED to comply with the court's Order Granting Motion to Stay (ECF 49) and submit a scheduling order within fourteen days from the entry of this order.

DATED this 12 November 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah