IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LAKE TOWN TOWING, J&K 24 HOUR DIESEL SERVICE, JOE FLYNN, and SAM PROBERT,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT; GRANTING IN REMAINING PART MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS; AND REMANDING STATE-LAW CLAIMS**<br><br>Case No. 2:23-cv-00818-JNP-CMR<br><br>District Judge Jill N. Parrish |

This order is a follow-on to an order the court issued in September 2024 partially granting State Defendants' motion to dismiss and County Defendants' motion for judgment on the pleadings. ECF No. 74. The court assumes that the parties are familiar with the facts of this case.

Defendants' motions as originally filed sought dismissal of (or judgment on) all of Plaintiffs' federal claims, but those motions did not address Plaintiffs' Equal Protection Clause claim. So, the court's order in September resolved all of Plaintiffs' federal claims except their equal-protection claim. The order also did not address Plaintiffs' state-law claims because the court reasoned that if the equal-protection claim should fail along with the other federal claims, the court would decline to exercise supplemental jurisdiction over the state claims. The court invited Defendants to brief the equal-protection claim, and Defendants timely filed their supplemental memoranda. Soon after, Plaintiffs filed a motion to alter or amend judgment under Rule 59(e) of

the Federal Rules of Civil Procedure. For the reasons that follow, the court DENIES Plaintiffs' motion to alter or amend judgment; GRANTS State Defendants' motion to dismiss the equal-protection claim with prejudice; GRANTS County Defendants' motion for judgment on the pleadings on the equal-protection claim; and REMANDS Plaintiffs' state-law claims to state court.

## ANALYSIS

The court begins with Plaintiffs' motion to amend or alter judgment under Rule 59(e). That rule requires that "[a] motion to alter or amend a judgment . . . be filed no later than 28 days after the *entry of judgment*." FED. R. CIV. P. 59(e) (emphasis added). Judgment has not yet been entered in this case because the court had not, until this order, resolved Defendants' motions as to Plaintiffs' equal-protection claim, so Rule 59(e) technically has no application here. Rule 54(b), however, provides that "any order or . . . decision . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment." FED. R. CIV. P. 54(b). Because the court's September order adjudicated fewer than all of Plaintiffs' claims, it is one that the court may freely revise until judgment is entered. And although the Federal Rules of Civil Procedure do not contemplate a motion to reconsider a non-final order, the court construes Plaintiffs' motion as a request for the court to reconsider or revise its earlier ruling under Rule 54(b).

Rule 54(b), as it happens, borrows the standard for evaluating a motion to alter or amend judgment under Rule 59(e). *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). Back to Rule 59(e) then. Under Rule 59(e), "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct a clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d

2

1005, 1012 (10th Cir. 2000). A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiffs argue that the court's September ruling failed to acknowledge or address their allegation that the Utah Highway Patrol delegated its rotation responsibilities to Millard County; this delegation, they claim, requires Millard County to follow the same rules applicable to the operation of the Patrol's own tow-truck dispatch centers. The court's failure to address this allegation, in their view, means that the court must reconsider its earlier ruling to prevent clear error or manifest injustice.

To understand Plaintiffs' argument, recall that when a wreck occurs on a Utah highway, Patrol troopers contact the tow-truck dispatch center for that area to request a tow truck. UTAH CODE ANN. § 41-6a-1406(10); UTAH ADMIN. CODE r. 714-600-4(1). Some dispatch centers are operated by the Patrol; others are operated by county sheriffs' offices like the Millard County Sheriff's Office. And although dispatch centers operated by the Patrol must contact tow-truck companies on the rotation list (like Plaintiffs) in the order in which they appear, dispatch centers not operated by the Patrol are not subject to this requirement. UTAH ADMIN. CODE r. 714-600-4(3), -6(1)–(3). The court's September order reasoned that because the dispatch center operated by Millard County was not subject to the towing-rotation provision, Plaintiffs could not show a protected property interest in towing referrals from the dispatch center operated by Millard County even though they were listed on the dispatch center's towing list. ECF No. 74, at 6–7. The failure to show a protected property interest, the court determined, doomed their Takings Clause and Due Process Clause claims. *Id.*

Contrary to Plaintiffs' argument, the court did not ignore their allegation that the Patrol delegated its rotation responsibilities to Millard County. Rather, the court disregarded it because

3

it was a legal conclusion couched as a factual allegation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, even if the allegation were taken at face value, the court is not aware of any provision in Utah law that imposes the requirements applicable to the Patrol onto the delegatee county. Plaintiffs, for their part, cite none. So, Plaintiffs cannot show that the court erred in its analysis that they have no protected property interest in towing referrals. Accordingly, Plaintiffs fail to establish that reconsideration of the September order is necessary to prevent any error, much less clear error, or prevent any injustice, much less manifest injustice.

Now onto Defendants' motion to dismiss (or motion for judgment on the pleadings on) Plaintiffs' Equal Protection Clause claim, which is now fully briefed and ready for adjudication. Plaintiffs argue that the Millard County dispatch center's alleged favoritism of their competitor tow-truck company violates the Equal Protection Clause. Once again, the court takes Plaintiffs' well-pleaded factual allegations as true, drawing every inference in Plaintiffs' favor. *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. It "doesn't guarantee equal results for all," nor does it "promise some generic guard against arbitrary or unlawful governmental action." *SECSYS, LLC v. Vigil*, 666 F.3d 678, 684 (10th Cir. 2012). Instead, it is a "particular and profound recognition of the essential and radical equality of all human beings." *Id.* Typically, the Clause is concerned with discrimination between classes of people. Here, though, Plaintiffs pursue a class-of-one theory. A class-of-one theory of discrimination first requires the plaintiff to show that he or she "was 'intentionally treated differently from others similarly situated.'" *Id.* at 688 (quoting *Village of Willowbrook v. Olech*,

4

528 U.S. 562, 564 (2000)). After showing intentional discrimination, the plaintiff must prove that "there is no 'rational basis' for it." *Id.* (quoting *Olech*, 528 U.S. at 564–65).

In Plaintiffs' view, their amended complaint alleges facts from which a rational jury could find that they were similarly situated to their competitor Dearden and that no rational basis existed for Millard County's preferential treatment of Dearden. For example, the amended complaint alleges that Plaintiffs, like Dearden, are certified towing companies qualified to participate in the Utah Highway Patrol's rotation. ECF No. 33 (Amended Complaint), at 8, 12. And the amended complaint details several incidents in which the County gave Dearden rather than Plaintiffs a towing referral in exchange for favors from Dearden, such as a paid vacation to Paris for one of the County's troopers. *Id.* at 13–18.

As the court sees it, however, Plaintiffs cannot meet their "substantial burden" to "demonstrate [that] others similarly situated in all material respects were treated differently and that there is no objectively reasonable basis for the [County's] action." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1217 (10th Cir. 2011). Plaintiffs' amended complaint is notably silent on the material aspects of tow-truck operators, and the court can imagine several reasons why the County may have preferred Dearden. *Cf. Powers v. Harris*, 379 F.3d 1208, 1217 (10th Cir. 2004) ("This court is *obligated* to seek out . . . conceivable reasons for validating [government action]." (cleaned up)). For example, the County may have had an exceptionally good experience with Dearden's service in the past. Or the dispatch center trooper may have believed that Dearden was better suited for the jobs ultimately referred to it because of its particular equipment. The list could go on and on. Plaintiffs therefore have not carried their burden "to negative every conceivable basis which might support [the preferential treatment of Dearden]." *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973) (internal quotation marks omitted).

Of course, it may simply be that the dispatch center operated by Millard County is thoroughly corrupt and that Plaintiffs have unfortunately been harmed by that corruption. But the Equal Protection Clause does not stand as a general guard against corruption; it protects individuals from specific forms of invidious discrimination. Plaintiffs have not shown that they have suffered the type of harm that the Equal Protection Clause prohibits, so their equal-protection claims cannot proceed.

## CONCLUSION AND ORDER

For the reasons above, the court **DENIES** Plaintiffs' motion to alter or amend judgment; **GRANTS** State Defendants' motion to dismiss the equal-protection claim with prejudice; **GRANTS** County Defendants' motion for judgment on the pleadings on the equal-protection claim; and **REMANDS** Plaintiffs' state-law claims.

DATED July 8, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge